Filed 12/16/20  P. v. Thompson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BERTRAND THOMPSON,<br><br>    Defendant and Appellant. | C090225<br><br>(Super. Ct. Nos.<br>STK-CR-CNV-1998-0016794,<br>SP062695C) |

In 1999, a jury found defendant Bertrand Thompson guilty of three murders occurring during two robberies, and they also found true robbery-murder special circumstances for each of the murders.  Defendant recently petitioned the trial court for resentencing under Penal Code section 1170.95[1] based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  The trial

---

[1]     Undesignated statutory references are to the Penal Code.

court denied defendant's petition, finding that the record established defendant was ineligible for resentencing because he was the actual killer in two of the murders and the jury found true special circumstances for the third murder. On appeal, defendant argues he was entitled to counsel and a hearing on the merits of his petition. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was involved in the murder of three people during two separate robberies. (*People v. Webb* et al. (Apr. 3, 2002, C034507) [nonpub. opn.] (*Webb*).)[2] In 1999, the jury found defendant guilty of three counts of first degree murder (§ 187) and two counts of second degree robbery (§ 211). They also found true special circumstance allegations that defendant was armed in the commission of one of the murders and one of the robberies (§ 12022, subd. (a)), that he personally used a firearm in the commission of another murder and the other robbery (§ 12022.5, subd. (a)), two of the murders were multiple murders (§ 190.2, subd. (a)(3)), and the special circumstances that all three murders were committed during robberies (§ 190.2, subd. (a)(17)(A)). (*Webb, supra*, C034507, at pp. 1-2.)

Defendant "was sentenced to a determinate term of eight years and three consecutive indeterminate terms of life without the possibility of parole." (*Webb, supra*, C034507, at p. 2.) Defendant appealed his conviction, arguing (1) instructional error on the robbery counts, (2) ineffective assistance of counsel, and (3) the robbery counts should have been stayed under section 654. (*Webb, supra*, C034507, at p. 2.) We stayed the sentences imposed for the robbery convictions but otherwise affirmed. (*Webb, supra*, C034507, at p. 28.)

In January 2019, defendant filed a petition for resentencing under section 1170.95. Defendant declared in his petition that the prosecution proceeded "under a theory of

---

[2]    On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).)

felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder." He also requested appointment of counsel during the resentencing process.

The trial court issued an interim order appointing defendant's trial counsel to represent him. The prosecutor filed a response to the petition, arguing defendant was not eligible for resentencing under section 1170.95. At the hearing on the petition, defendant's counsel had not been aware of his assignment and therefore did not prepare a brief in support of the petition. Instead of permitting a response to the prosecutor's opposition, the court vacated the order appointing counsel stating, "I'm not going to find prima facie. I don't believe [defendant] qualifies under [Senate Bill] 1437 because he was convicted as the actual killer on two of the homicides. It was the third one that I was concerned about, but now that I go back and review it, he was convicted of the special circumstance, which also makes him ineligible under this, so the Court is going to vacate its previous order." The court then denied defendant's petition.

## DISCUSSION

Defendant argues on appeal that the trial court violated section 1170.95 because it failed to appoint substitute counsel and conduct a hearing on the allegations of defendant's petition prior to its denial. We disagree after finding that any error was harmless.

## I

*Legal Standards*

Senate Bill 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless

3

indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 (2017-2018 Reg. Sess.) also added section 1170.95 to provide a resentencing petition process for any "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides, in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served." (§ 1170.95, subd. (c).)

II

*Harmless Error*

The trial court here reviewed the record of conviction and concluded defendant did not make a prima facie showing of eligibility because he was found to be the actual killer for two murders and that the jury found true special circumstances for the third murder; the court did this all without any briefing from defense counsel. Appellate courts are divided on whether trial courts may review the record of conviction and deny a section 1170.95 petition before appointing counsel. (Compare *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138-1140 [trial courts may review record of conviction and need not

4

first appoint counsel], review granted Mar. 18, 2020, S260598, with *People v. Cooper* (2020) 54 Cal.App.5th 106, 109, 123 [disagreeing with *Lewis*], review granted Nov. 10, 2020, S264684.) The Supreme Court has granted review on these issues. (See order granting review of *Lewis, supra*, Mar. 18, 2020, S260598.)

It is not necessary in this case to resolve whether the trial court was permitted to review the record of conviction or if it had to appoint counsel because any error would be harmless even under the more stringent beyond-a-reasonable-doubt standard. (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].)

As we noted in *Webb*, the jury found the special circumstances true for each murder count. (*Webb, supra*, C034507, at p. 2.) A review of the jury instructions and verdict forms confirm this. For the special circumstances under section 190.2, subdivision (a)(17)(A), the jury was given former CALJIC Nos. 8.80.1 and 8.81.7, requiring for each murder count: "If you find the defendant was not the actual killer of a human being, you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission or attempted commission" of the underlying robbery. The verdict forms for each murder conviction also included a true finding for the special circumstance under subdivision (a)(17)(A). The jury's findings track the requirements of first degree murder liability for a participant even after Senate Bill 1437's modifications because they found that, at a minimum, defendant was a major participant who acted with reckless indifference to human life. (§ 189, subd. (e)(3).) Even if the court improperly reviewed this information from the record at the prima facie stage, it would have been able to review it at a later stage and still properly disqualify defendant from relief. It is beyond a reasonable doubt that a responsive brief or oral

5

argument from appointed counsel could not have changed the disqualifying findings of the jury, so any error in reviewing the record and not appointing counsel was harmless.

III

*Special Circumstances after* Banks *and* Clark

Since defendant's conviction, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstance findings reversed for insufficient evidence under the modified analysis. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.)

We requested supplemental briefing from the parties on whether the trial court erred in not considering the validity of defendant's convictions after *Banks* and *Clark*. (See *People v. Law* (2020) 48 Cal.App.5th 811, 825 ["the court erred by failing to determine whether Law qualified as a major participant who acted with reckless indifference to human life under *Banks* and *Clark*"], review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, 95-96 [same], review granted July 22, 2020, S262835.) There is a split of authority on whether a defendant must first seek relief under *Banks*/*Clark* through a habeas petition before filing a section 1170.95 petition. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 [same], review granted Oct. 14, 2020, S264284; *People v. York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954.)

Defendant argues in his supplemental brief that the special circumstance findings can and should be reversed through his section 1170.95 petition, whereas the People contend he first must seek relief through a habeas petition. We agree with the People.

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"]). One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not be convicted of first or second degree murder *because of changes to Section 188 or 189* made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Senate Bill 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks*/*Clark* review by way of a section 1170.95 petition also would shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a section 1170.95 hearing). (See *People v. Gomez, supra*, 52 Cal.App.5th at p. 17, review granted Oct. 14, 2020, S264033.) Further, there is an indication in the statutory text that the Legislature assumed a defendant first would seek relief in a habeas petition. Section 1170.95, subdivision (d)(2) provides: "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (See *People v. Ramirez* (2019) 41 Cal.App.5th 923 [where appellate court determined on a habeas petition that

7

the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life, trial court was required to vacate the defendant's murder conviction and resentence him under section 1170.95, subdivision (d)(2)].) Therefore, the trial court could not review the validity of the jury's special circumstance findings under *Banks* and *Clark* on defendant's section 1170.95 petition.

Since all three murder convictions remain valid and disqualify defendant for relief under section 1170.95, any error by the trial court would be harmless for the reasons detailed above.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

        KRAUSE        , J.

We concur:

      ROBIE        , Acting P. J.

      MURRAY      , J.